RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/30/15 yt

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| NASIR ABDUL-ALI (#09596-042) | DOCKET NO. 1:15-CV-173; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN CARVAJAL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se petitioner Nasir Abdul-Ali filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on January 28, 2015. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the United States Penitentiary at Pollock, Louisiana. Petitioner attacks his life sentence imposed in the United States District Court for the Northern District of Mississippi.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Procedural History*

In 1992, Petitioner was convicted of conspiracy to distribute cocaine, aiding and abetting the distribution of cocaine, the use of a firearm, aggravated assault of a federal officer, possession of a firearm by a previously convicted felon, and possession of a firearm with an obliterated serial number. He was sentenced to 168 months imprisonment and was released in 2004. Abdul-Ali v. U.S., 2009 WL 4666011 (N.D.Miss., 4:05-cr-45). On March 23, 2005, the Petitioner was indicted for, *inter alia*, possessing with intent to

distribute in excess of 50 grams of crack cocaine. Id. On July 13, 2005, the jury returned a guilty verdict on all four counts of the indictment. Due in large part to his prior criminal history, the Petitioner was sentenced to life imprisonment. See id. The conviction and sentence were affirmed on appeal.

Petitioner filed a pro se motion for relief from judgment under Rule 60. [4:05-cr-45 (N.D.Miss.); Doc. #82] Later, with the assistance of counsel and without objection, the court granted the Petitioner additional time to file a §2255 motion. The 2255 motion was filed on September 8, 2008 [4:05-cr-45 (N.D.Miss.); Doc. #92], and was denied on December 8, 2009, see Abdul-Ali v. U.S., 2009 WL 4666011 (N.D.Miss. 2009). Petitioner sought a Certificate of Appealability (COA) in the Fifth Circuit in order to appeal the denial of relief under §2255 and under Rule 60. On October 6, 2010, the Fifth Circuit found that Petitioner did not satisfy the requirements of obtaining a COA. [U.S. v. Abdul-Ali, 4:05-cr-45 (N.D.Miss.); Doc. #141]

### *Law and Analysis*

Petitioner has filed the §2241 petition before this Court claiming that his life sentence is unconstitutional because "he is actually innocent of the facts causing a life sentence to be imposed in this case." [Doc. #1, p.9] Petitioner claims that the sentencing court used invalid convictions in determining that his sentenced should be enhanced to life imprisonment. Petitioner

2

claims that he is entitled to use the savings clause of §2255 because "this issue was foreclosed during earlier review of petitioner's convictions and sentences, and because he is actually innocent of the provisions establishing a mandatory life sentence in this case."

Title 28 U.S.C. §2241 is generally used by prisoners to attack the *manner* in which a sentence is carried out, or to challenge the prison authorities' determination of the duration of the sentence. See <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000). Petitioner is not challenging the *execution* of his sentence or calculation of his sentence by the Bureau of Prisons. Instead, he complains of errors that allegedly occurred at or before sentencing, which should be raised in a §2255 motion.

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1001 (2001). A prisoner may use Section 2241 as the vehicle for attacking his conviction **if** it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. See <u>Jeffers</u>, 253 F.3d at 830. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's

"second or successive" requirement, does not make Section 2255 inadequate or ineffective.

To show that the remedy under §2255 is inadequate or ineffective, Petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903. Petitioner does not meet the first requirement - he has not identified any retroactively applicable Supreme Court decision establishing that he was convicted of a non-existent offense.

**Moreover, although Petitioner claims that he is actually innocent of the sentencing enhancement, such a claim does not satisfy the savings-clause.** See Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000); Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005).

Petitioner has already had a 2255 motion adjudicated on the merits. Section 2255(h) provides that in order to file a second or successive Section 2255 motion, a prisoner must show that the

4

motion is based on:

>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h). Such a determination must be made by a three-judge panel of the court of appeals before the successive motion is filed in federal district court. **Petitioner has not obtained permission from the appropriate Court of Appeals to file a successive 2255 motion.**

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Abdul-Ali's petition be **DISMISSED for lack of jurisdiction**.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes

his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 29th day January, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE